Filed 12/3/14  P. v. Bybee CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D066164 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. RIF139205) |
| DONALD EUGENE BYBEE, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Riverside County, Michele D. Levine, Judge.  Affirmed.

Gerald J. Miller, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In 2008 Donald Bybee was convicted of one count of grand theft of an automobile (Pen. Code, § 666.5, subd. (a)[1]/Veh. Code, § 10851) and, in a bifurcated proceeding, the court found true the allegations that Bybee had been convicted of five offenses for which

---

1    All statutory references are to the Penal Code unless otherwise specified.

he served a term in state prison within the meaning of section 667.5, subdivision (b), and that two of those offenses constituted serious or violent felony strike convictions within the meaning of sections 667, subdivisions (b) through (i) and 1170.12. After his motion pursuant to *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 was denied, Bybee was sentenced to 25 years to life.

In January 2013, Bybee, acting in propria persona, filed a motion to recall his sentence pursuant to the recently enacted Three Strikes Reform Act of 2012 (§ 1170.126 et seq.). After counsel was appointed for Bybee, and both the People and Bybee filed papers opposing and supporting the petition, the court held an evidentiary hearing. The evidence indicated that, while incarcerated, Bybee had pleaded guilty in 2009 to assaulting another inmate, and in 2010 assaulted another inmate with a shank. The court found Bybee posed an unreasonable risk to public safety, within the meaning of section 1170.126, subdivision (f), and denied the petition.

DISCUSSION

Appointed appellate counsel has filed a brief summarizing the proceedings below. Counsel presents no argument for reversal, but asks this court to review the record for error as mandated by *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738. We granted Bybee permission to file a supplemental brief on his own behalf, but he has not responded.

A review of the record pursuant to *People v. Wende, supra,* 25 Cal.3d 436 and *Anders v. California, supra,* 386 U.S. 738 has disclosed no reasonably arguable appellate issues. Bybee has been competently represented by counsel on this appeal.

DISPOSITION

The order is affirmed.


McDONALD, J.

WE CONCUR:


McCONNELL, P. J.


McINTYRE, J.